FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

05 JAN 28 AM 11: 16

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

James Hines and Sandra Hines,      *
                                   *
                     Paintiffs,    *
                                   *
v.                                 *    Civil No.: 6:05-CV-158-22DAB
                                   *    Florida Bar No. 17388
GMAC Mortgage Corporation          *
dba Ditech.com,                    *
                                   *
                     Defendant.    *

## COMPLAINT

James and Sandra Hines (collectively referred to as "Hines"), Plaintiffs in this action complain as follows against GMAC Mortgage Corporation dba ditech.com ("ditech"):

### INTRODUCTION

1. This matter was originally filed in *James, et al v. GMAC*, United States District Court, Middle District of Florida, Case No. 6:04-cv-1610-Orl-22DAB. The matter was subsequently severed by the Hon. Anne C. Conway on or about January 19, 2005. A copy of the court's order of severance is attached here to as Exhibit 1.

2. The defendant, ditech, is a large, sophisticated lender that solicits clients for second mortgage loans through a massive television campaign and through the use of an internet web site. Ditech advertises that it allows the public to deal directly with the lender and avoid the middleman, implying that it will cost the

1

borrower less than a traditional loan through a bank. The web site also claims: "Competitive Rates Our convenient and speedy process enables us to offer some of the lowest rates in the business for all types of home loans. We challenge you to find lower rates and fees from any other lender out there!". See www.ditech.com/about/why_ditech.jsp. As set forth more fully below, ditech regularly and systematically charges high fees and rates in connection with its second mortgage loans.

3. Unlike traditional loans that are closed by a closing attorney, Ditech's practice is to have the documents delivered by overnight mail or a notary or "document signer" deliver the documents to the customer at the customer's home. As stated on its web site: "In some states, for a refinance or second mortgage, ditech.com will send a document signer to your home or another place that you designate so you can sign all your loan documents." See www.ditech.com/questions/loanapplication.jsp#5. The Notary does not have the ability or knowledge to answer any questions regarding the loan. The signer is merely instructed where to obtain signatures, nothing more. This deceptive scheme violates the consumer protection laws enacted by Congress and the entire spirit of the "Truth in Lending" laws designed to provide consumers with easily understood and disclosed information regarding the true cost of credit.

4. This is an action pursuant to the Truth in Lending Act ("TILA"), codified at 15 U.S.C. Sec 1601 et. seq. TILA was enacted by Congress in 1968 as Title I of

2

the Consumer Protection Act. TILA is a remedial statute that is to be construed liberally. *Ellis v. GMAC*, 160 F.3d 703, 707 (11th Cir. 1998).

5. The Federal Reserve Board adopted Regulation Z shortly after enactment of the 1968 Act. Regulation Z can be found at 12 CFR 226.1 et seq. The purpose of TILA and Regulation Z is to promote the informed use of credit and level the playing field between competing creditors.

6. The law is designed to protect consumers in credit transactions by requiring the clear disclosure of the key terms and costs of the lending transaction. The goal of TILA is to enable the consumer to understand what their actual costs of borrowing will be on a given transaction.

7. TILA intends to provide consumers with an informed understanding of the cost of credit by forcing lenders to make certain disclosures.

8. Additionally, TILA provides for material disclosures under 15 U.S.C. Sec. 1601 (u), which includes "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number of and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by [15 U.S.C. Sec. 1639 (a).]".

9. Additionally, when a consumer is using their home as collateral for a loan. The TILA provides the consumer with the right to cancel non-purchase money loans that include liens on their homes. See 15 U.S.C. Sec. 1635 (a).

10. The right to cancel may be exercised until midnight of the third business day after the loan is consummated. This right may be extended up to three years if the consumer borrower is not provided accurate material disclosures. See 15 U.S.C. Sec. 1635 (f).

## JURISDICTION

11. This Court has jurisdiction under 28 USC § 1331 in that the complaint deals with federal questions arising from federal statutes.

## VENUE

12. Venue is proper in this District where the defendant resides pursuant to 28 U.S.C. Sec. 1391 (b).

## PARTIES

13. Plaintiffs are a "consumer" as defined under TILA, 15 USC § 1602(h).

14. The plaintiffs are residents of Florida.

15. Defendant, ditech, is a mortgage company and a "creditor" as defined under TILA, 15 USC § 1602(f).

16. Ditech has made more than five loans secured by real property in the each of the years 1999, 2000, and 2001.

## COUNT I

### VIOLATION OF TRUTH IN LENDING BY PLAINTIFFS HINES

17. The Hines incorporate by reference the facts set forth in paragraphs 1-16.

18. Hines entered into a loan in the amount of $31,700.00 that was secured by their principal dwelling located in Brevard County Florida.

19. Each were entitled to receive 2 copies of their notice of right to cancel the transaction.

20. The notice was required to set forth the date the right to cancel period expires pursuant to 12 CFR Sec. 226.23 (b)(1)(v).

21. Hines did not receive any Notice of Right to Cancel from the Defendants. Hines were not given the proper notice of the right to cancel in violation of the TILA.

22. The date of the note was March 7, 2001.

23. Plaintiffs gave the defendant written notice of an election to cancel the transaction within three years of the loan consummation.

24. Plaintiffs' written election to cancel was given on October 24, 2003.

25. A response is required within 20 days after the creditor receives it. See 15 U.S.C. Sec. 1635 (a).

26. The defendant did not honor or respond to Hines's written election to cancel at any time.

27. Hines were forced to file this action to confirm the election to cancel.

Wherefore, Hines prays this court grant the following relief in Hines' favor and against defendant, ditech:

    a.    A judgment enforcing the election to rescind the transaction and granting Hines the relief they are entitled to under 15 U.S.C. § 1635;

b.  An award of statutory damages under 15 U.S.C. Sec. 1640 for ditech's failure to timely respond to the notice of election to cancel;

c.  An award of costs and attorneys fees;

d.  Such other and further relief that the court deems just and proper.

Respectfully submitted,

_____
Mary T. Szeluga
Florida Bar Number 17388
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick MD 21703
Tel. (301) 620-1016
Toll Free 1-888-LEGG LAW
Fax (301) 620-1018
Email Szeluga@legglaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

_____
Mary T. Szeluga